1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AKIKA PARKER,                        No.  2:16-cv-2140 TLN AC (PS)

12              Plaintiff,

13      v.                                ORDER

14   DISTRICT ATTORNEY'S OFFICE OF
     SACRAMENTO CA,
15
                Defendant.
16

17

18          Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the

19   undersigned by E.D. Cal. 302(c)(21).  Plaintiff has renewed her request for leave to proceed in

20   forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.  ECF No. 4.  Plaintiff has now submitted

21   the affidavit required by 28 U.S.C. § 1915(a)(1).  Accordingly, the motion to proceed IFP will be

22   granted.

23                              I.  SCREENING

24          Granting IFP status does not end the court's inquiry.  The federal IFP statute requires

25   federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a

26   claim upon which relief may be granted, or seeks monetary relief from a defendant who is

27   immune from such relief.  28 U.S.C. § 1915(e)(2).

28   ////

                                        1

1    Plaintiff must assist the court in determining whether the complaint is frivolous or not, by

2    drafting her complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ.

3    P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-

4    policies/current-rules-practice-procedure/federal-rules-civil-procedure. Under the Federal Rules

5    of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for

6    federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court),

7    (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the

8    plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. ("Rule") 8(a).

9    Plaintiff's claims must be set forth simply, concisely and directly. Rule 8(d)(1). Forms are

10   available to help pro se plaintiffs organize their complaint in the proper way. They are available

11   at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at

12   www.uscourts.gov/forms/pro-se-forms.

13   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14   Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the

15   court will (1) accept as true all of the factual allegations contained in the complaint, unless they

16   are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

17   plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327;

18   Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at

19   Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler,

20   627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true, legal conclusions

21   cast in the form of factual allegations, or allegations that contradict matters properly subject to

22   judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981);

23   Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187

24   (2001).

25   Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

26   Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may

27   only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support

28   of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th

2

1   Cir. 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an

2   opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

3   Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

4       A.  The Complaint

5       Plaintiff has named the "District Attorney's Office of Sacramento CA" and the "District

6   Attorney[]" as the sole defendants in this lawsuit.  Complaint (ECF No. 1) at 2 ¶ I(B).  The

7   complaint alleges that the court has federal question jurisdiction, but does not indicate what

8   federal statute or right is involved.  See Complaint at 3 ¶ II.  The court therefore infers that

9   plaintiff is attempting to assert a claim under 42 U.S.C. § 1983 for violations of her federal civil

10  rights.  Plaintiff also alleges "Defamation of Character."  Complaint at 7 ¶ 13.

11      According to the complaint, plaintiff "makes a complaint about the manner in which the

12  Sacramento District Attorney is handling her situation."  Complaint at 8.  All the specific

13  "Charges" set out in the complaint relate to actions the "District Attorney" is alleged to have done

14  or failed to do in her role as prosecutor.  For example, the District Attorney is alleged to have

15  "pressed charges" against plaintiff even though plaintiff is innocent, given an "unfair plea

16  bargain" to plaintiff, pressed charges based upon a police error, failed to press charges against

17  others, and the like.  See Complaint at 6-7 ¶¶ 1-12.

18      B.  Analysis

19      The District Attorney's Office, and the District Attorney herself, when making decisions

20  about criminal prosecutions, are acting in their roles as state officials, and accordingly possess

21  sovereign immunity from suit.  Del Campo v. Kennedy, 517 F.3d 1070, 1073 (9th Cir. 2008)

22  ("[t]hey act as state officials, and so possess Eleventh Amendment immunity, when acting in

23  [their] prosecutorial capacity") (internal quotation marks omitted); Weiner v. San Diego County,

24  210 F.3d 1025, 1031 (9th Cir. 2000) ("[w]e conclude that a California district attorney is a state

25  officer when deciding whether to prosecute an individual"); Modoc County v. Spencer, 103 Cal.

26  498, 501 (1894) ("[i]n the prosecution of criminal cases he [the county prosecutor] acts by the

27  authority and in the name of the people of the state").

28  ////

3

1    In addition, the District Attorney is entitled to absolute prosecutorial immunity when

2  acting within the scope of her duties as a prosecutor.  Imbler v. Pachtman, 424 U.S. 409 (1976).

3  Nothing in the complaint indicates that any of the District Attorney's alleged conduct was outside

4  of her prosecutorial duties.

5    The court notes that plaintiff alleges "Defamation of Character" and has checked the box

6  on the complaint form for "diversity jurisdiction."  However, the complaint fails to allege facts

7  showing the existence of diversity jurisdiction, namely, that plaintiff and defendants are citizens

8  of different states, and that the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332(a).

9  To the contrary, the complaint indicates that all parties are California citizens, and that the

10  amount in controversy is $34,000.  See Complaint at 2 ¶ I(B), II(B)(3).  In addition, the court will

11  not exercise supplemental jurisdiction over a state defamation claim if no federal claim survives

12  screening.  See 28 U.S.C. § 1367(c)(3).

13    The complaint will accordingly be dismissed.  Although the complaint as it currently

14  stands plainly lacks merit, the court cannot say that granting leave to amend would be futile.

15  Accordingly, plaintiff will have an opportunity to amend her complaint.

16                                    II.  AMENDING THE COMPLAINT

17    The amended complaint, in addition to alleging facts establishing the existence of federal

18  jurisdiction, must contain a short and plain statement of plaintiff's claim.  The allegations of the

19  complaint must be set forth in  sequentially numbered paragraphs, with each paragraph number

20  being one greater than the one before, each paragraph having its own number, and no paragraph

21  number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single

22  set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help

23  plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office,

24  501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at

25  www.uscourts.gov/forms/pro-se-forms.

26    Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid

27  narrative and storytelling.  That is, the complaint should not include every detail of what

28  happened, nor recount the details of conversations (unless necessary to establish the claim), nor

4

1   give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should

2   contain only those facts needed to show how the defendant legally wronged the plaintiff.

3        The amended complaint must not force the court and the defendants to guess at what is

4   being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)

5   (affirming dismissal of a complaint where the district court was "literally guessing as to what

6   facts support the legal claims being asserted against certain defendants").  The amended

7   complaint must not require the court to spend its time "preparing the 'short and plain statement'

8   which Rule 8 obligated plaintiffs to submit."  Id. at 1180.  The amended complaint must not

9   require the court and defendants to prepare lengthy outlines "to determine who is being sued for

10   what."  Id. at 1179.

11        Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's

12   amended complaint complete.  An amended complaint must be complete in itself without

13   reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended

14   complaint supersedes the original complaint.  See  Pacific Bell Tel. Co. v. Linkline

15   Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

16   supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &

17   Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an

18   original complaint, each claim and the involvement of each defendant must be sufficiently

19   alleged.

20   III.  CONCLUSION

21       Accordingly, IT IS HEREBY ORDERED that:

22     1.  Plaintiff's renewed request to proceed in forma pauperis (ECF No. 4) is GRANTED.

23     2.  The complaint (ECF No. 1), is DISMISSED because it names only defendants who are

24         immune from suit.

25   ////

26   ////

27   ////

28   ////

3.  Plaintiff shall have 30 days from the date of this order to file an amended complaint that names defendants who are amenable to suit, and which complies with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: October 31, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6